715 So.2d 66 (1998)
Jay C. FIELDING
v.
Michelle ANDREWS.
No. 97-CA-2845.
Court of Appeal of Louisiana, Fourth Circuit.
May 27, 1998.
*67 Sandra S. Salley, Metairie, for Appellee.
Ira J. Rosenzweig, Smith Martin, New Orleans, for Appellant.
Before SCHOTT, C.J., and LOBRANO and MURRAY, JJ.
LOBRANO, Judge.
Madeline Andrews-Fielding was born on June 13, 1996. Her mother is Michelle Andrews. At the time of her birth, Madeline's father was not known. On Madeline's birth certificate her name appears as "Madeline Locke Andrews." Her birth certificate does not name her father. On August 30, 1996, Jay Fielding filed a suit for filiation, custody and name change of the minor. A consent judgment was rendered December 9, 1996 recognizing Mr. Fielding as Madeline's father and providing for joint custody, visitation and support.
The parties submitted the name change issue to the trial court on memoranda. No evidence was presented. The trial court concluded that "the benefit to legitimizing the child by giving her the last name of her father far outweighed the alleged burden of changing the child's name on important documents." The court ordered the child's surname be changed from Andrews to Andrews-Fielding. Ms. Andrews appeals that ruling.
Louisiana Revised Statute 40:34(B)(1)(a)(iv), which governs birth registration with the Bureau of Vital Records, provides that the child's name shall be as follows:
(iv) If the child is an illegitimate child as provided in Civil Code Article 180, the surname of the child shall be the mother's maiden name, if the natural father is unknown. Otherwise, if the mother agrees, the surname of the child shall be that of the natural father or, if both the mother and the natural father agree, the surname of the child may be a combination of the surname of the natural father and the maiden name of the mother. For purposes of this Item, "natural father" means a father whose child has been legitimated by subsequent marriage of the parents or by notarial act, or a father who has formally acknowledged his illegitimate child or who has been judicially declared the father in a filiation or paternity proceeding.
In the instant case, it is undisputed that Madeline's natural father was unknown at the time of birth. Thus, when Ms. Andrews provided the information for Madeline's birth certificate, she used her maiden name as Madeline's surname. The issue to be decided is what law controls when the natural father is subsequently successful in his filiation action and seeks to change the minor's surname to his.
Ms. Andrews argues that the above quoted statute is inapplicable because it only controls information provided at birth. She asserts that the "Change of Name" statute, La. R.S. 13:4751, et seq., controls a subsequent name change and that Mr. Fielding's failure to abide by that statute necessitates a reversal. On the other hand, Mr. Fielding argues that the second sentence of La. R.S. 40:34(B)(1)(a)(iv) is dispositive because he contends Ms. Andrews agreed to use his surname after filiation was proved. As evidence of Ms. Andrews' consent, Mr. Fielding points to Madeline's baptismal certificate, *68 dated October 6, 1996, which lists her surname as "Fielding."
Although both arguments are persuasive, we agree with Ms. Andrews. We are satisfied that La. R.S. 40:34(B)(1)(a)(iv) controls the information which is provided to the registrar of vital records at the time of birth. It appears in the Chapter entitled "Vital Statistics Laws." Subparagraph (B)(1)(a)(v) further provides that "any change in the surname of a child from that required herein... shall be by court order as provided for in R.S. 13:4751 through 4755 [the "Change of Name" statute] or as otherwise provided in this Chapter or by rules promulgated thereunder." Thus, once a child's surname information is correctly provided at birth, any change would require compliance with La. R.S. 13:4751 et seq.
The name of a person may be changed by following the provisions of La. R.S. 13:4751, et seq. If the person desiring a name change is a minor, the petition to do so must be signed by the mother and father. La. R.S. 13:4751(C)(1). If one parent has custody, the consent of the other parent is not necessary where that other parent has failed in his or her support obligations. La. R.S. 13:4751(C)(2). If the surname of a child is different from that authorized by the Vital Statistics Laws [La. R.S. 40:34] then either parent, acting alone, may sign the petition. La. R.S. 13:4751(C)(4).[1] The change of name proceedings shall be conducted contradictorily with the State. La. R.S. 13:4752. And, finally, the court is authorized to "render such judgment as the nature of the relief and the law and the evidence shall justify." La. R.S. 13:4753.
Mr. Fielding argues that compliance with La. R.S. 13:4751 et seq. was never envisioned where a newly born was involved. In support, he cites Webber v. Webber, 167 So.2d 519 (La.App. 4th Cir.1964), writ den. 246 La. 886, 168 So.2d 269, wherein, in dicta, we stated that "a newly born child could not have a criminal record to hide under an alias ..." and thus a contradictory hearing with the district attorney would be useless. Id. at 522. While we do not quarrel with that reasoning, numerous amendments since Webber have made clear that the legislature intends La. R.S. 13:4751, et seq. to govern the change of a minor's name. In fact, in 1993 paragraph (C)(4), referred to above, was added. We hold that it is dispositive of the issue in this case.
Mr. Fielding argues that the reason Madeline's surname should be changed is because Ms. Andrews agreed to use his and therefore the birth registry is contrary to the second sentence of La. R.S. 40:34(B)(1)(a)(iv). In essence, his argument is that the child's surname is different from that which is authorized by La. R.S. 40:34. That is the exact situation contemplated by R.S. 13:4751(C)(4) and consequently either parent may petition for a name change in accordance with the provisions of the "Change of Name" statute.
In sum, we hold that the determination of a person's surname for purposes of birth registry with the Bureau of Vital Statistics is controlled by the provisions of La. R.S. 40:34. If the surname is alleged to be contrary to that which is authorized by that statute, then La. R.S. 13:4751, et seq. controls. Since Mr. Fielding asserts that the surname on the minor's birth registry should be changed because of Ms. Andrews' alleged agreement to use his surname, La. R.S. 13:4751, et seq. must be followed. For that reason and because no evidence was presented by either party to enable the trial judge to render "such judgment as the nature of the relief and the law and the evidence shall justify," we vacate the judgment and remand for further proceedings consistent with this opinion.
JUDGMENT VACATED; REMANDED.
NOTES
[1] Although paragraph (C)(4) says if the surname is "different from that authorized in R.S. 40:34(B)(1)(a)(v)," then either parent may petition for a change, the reference to only subparagraph (v) makes no sense and must be interpreted as including the entirety of R.S. 40:34(B). Subparagraph (v) does not contain any of the substantive mandates for determining a correct surname.