755 So.2d 905 (1999)
Katrina Lynne MORACE, Plaintiff-Appellant,
v.
Mathus WALLER, Defendant-Appellee.
No. 99-1191.
Court of Appeal of Louisiana, Third Circuit.
December 8, 1999.
*906 Philip Letard, Vidalia, for Katrina Lynne Morace.
Brent S. Gore, Ferriday, for Mathus Waller.
Before DOUCET, Chief Judge, AMY, and GREMILLION, Judges.
GREMILLION, Judge.
The plaintiff, Katrina Lynne Morace, appeals the judgment of the trial court ordering that her minor child's surname be changed from Morace to Waller without following the procedures set forth in La. R.S. 13:4751, et seq. For the following reasons, we reverse the trial court's judgment.

FACTS
Katrina, individually and as the natural tutor of her minor child, Gabrielle, filed a Petition to Establish Paternity, Custody and Support, seeking full custody and to have the defendant, Mathus Waller, established as Gabrielle's father and ordered to pay child support. In response to the petition, Mathus filed a Rule for Visitation, To Change Name and Add Father's Name to Birth Certificate, wherein he alleged that since Katrina knew he was Gabrielle's father at the time of her birth she should have listed him as the father on the birth certificate. Since she failed to do so, he alleged that La.R.S. 13:4752(C)(4) allowed him to petition for the name change on his own.
Following a hearing on this matter, the trial court, in addition to other matters, ordered Gabrielle's surname changed to Waller, that the change be shown on her birth certificate, and that Mathus be listed as the father on the birth certificate. A judgment was rendered in this matter on February 1, 1999. Subsequently, Katrina filed a Rule for Partial New Trial on the issue of the name change. Her request was denied at a hearing on May 13, 1999, and in a judgment rendered on June 30, 1999. This appeal followed.

DISCUSSION
On appeal, Katrina argues that the trial court erred in changing Gabrielle's surname without following the procedures set forth in La.R.S. 13:4751, et seq. Those statutes require that a petition for name change be filed and that proceedings be carried on contradictorily with the district attorney. La.R.S. 13:4751-52. Following a hearing, either in open court or in chambers, the trial court shall render a judgment either changing the petitioner's name or denying the request. La.R.S. 13:4753-54. If the petitioner is a minor, then the petition shall be signed by both the father and mother of the minor. La.R.S. 13:4754(C)(2).
Mathus argues that La.R.S. 13:4751(C)(4) allows him to petition to change Gabrielle's surname. That subsection provides, "The petition may be signed by either the mother or the father acting alone if a child has been given a surname which is different from that authorized in R.S. 40:34(B)(1)(a)." He claims that since Katrina knew the identity of the father at the time of Gabrielle's birth, she was required to list him as the father and use his surname as Gabrielle's surname. We disagree with this interpretation.
La.R.S. 40:34(B)(1) provides the information which shall be contained in a birth certificate. Subsection (a)(iv) of that Section provides:
If the child is an illegitimate child as provided in Civil Code Article 180, the surname of the child shall be the mother's maiden name, if the natural father is unknown. Otherwise, if the mother agrees, the surname of the child shall be that of the natural father or, if both the mother and the natural father agree, the surname of the child may be a combination of the surname of the natural father and the maiden name of the mother. For purposes of this Item, "natural father" means a father whose child has been legitimated by subsequent marriage of the parents or by notarial act, *907 or a father who has formally acknowledged his illegitimate child or who has been judicially declared the father in a filiation or paternity proceeding.
In this instance, the word "otherwise" operates as an adverb modifying the statement "if the natural father is unknown," and means "in a different way or manner;" "in different circumstances;" "in other respects;"and "if not." MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 824 (10th ed.1993). Therefore, the child shall have the mother's maiden name if the natural father is unknown and under different conditions (i.e. if the natural father is known but the mother does not agree to the use of his surname). If natural father is known, and the mother agrees, the child shall have the natural father's surname. Thus, even though Katrina knew the identity of Gabrielle's father, his surname could not have appeared on the birth certificate as Gabrielle's surname unless she agreed to place it there. Since she obviously chose not to use his surname, she provided the correct information to the Bureau of Vital Statistics at the time of Gabrielle's birth. Since Gabrielle's birth certificate was correct pursuant to La.R.S. 40:34(B)(1)(a)(iv), any subsequent change of her surname could only occur with Katrina's consent in order to comply with La.R.S 13:4751, et seq. Since Gabrielle was given a surname which is authorized by La.R.S. 40:34(B)(1)(a), La.R.S. 13:4751(C)(4) does not apply in this instance. See Fielding v. Andrews, 97-2845 (La.App. 4 Cir. 5/27/98); 715 So.2d 66.

CONCLUSION
For the foregoing reasons, the judgment of the trial court ordering the change of the minor child's surname from Morace to Waller is reversed. The costs of this matter are assessed to the defendant-appellee, Mathus Waller.
REVERSED.