STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

06-708

AMANDA BELL

VERSUS

BRETT OWEN DURAND

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, DOCKET NO. 219,263
HONORABLE GEORGE C. METOYER, JR., DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, J. David Painter, and James T. Genovese, Judges.

REVERSED.

Todd L. Farrar
1603 Melrose Street
Pineville, Louisiana 71360
(318) 448-4040
COUNSEL FOR PLAINTIFF/APPELLANT:
      Amanda Bell

Henry H. Lemoine, Jr.
607 Main Street
Pineville, Louisiana 71360
(318) 473-4220
COUNSEL FOR DEFENDANT/APPELLEE:
      Brett Owen Durand

**GENOVESE, Judge.**

Plaintiff, Amanda Bell, appeals the judgment of the trial court ordering a change of her minor child's surname from Bell to Durand. She alleges non-compliance with the procedures set forth in La.R.S. 13:4751, *et seq.*, relative to change of name. For the following reasons, we reverse the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY

Camren Hope Bell (Camren) was born out of wedlock on June 27, 2000. Her parents, Amanda Bell (Ms. Bell) and Brett Owen Durand (Mr. Durand), never married. At the time of Camren's birth, Ms. Bell was domiciled in Grant Parish. Custody and visitation proceedings were instituted by Mr. Durand in the Thirty-Fifth Judicial District Court, in Grant Parish, under proceedings entitled "*Brett Owen Durand v. Amanda Bell*," bearing civil docket number 15,041, resulting in a judgment being rendered in the Grant Parish proceedings on January 13, 2004.

Subsequent thereto, Ms. Bell and Camren moved from Grant Parish to Rapides Parish, wherein Ms. Bell filed a motion in the Ninth Judicial District Court, Rapides Parish, to make the January 13, 2004 Grant Parish judgment executory in Rapides Parish. On December 15, 2004, judgment was signed by the Ninth Judicial District Court, Rapides Parish, making the Grant Parish judgment executory in Rapides Parish.

On January 6, 2005, Ms. Bell filed a rule in the Rapides Parish proceedings to modify custody. Ms. Bell sought to change the consent visitation plan set forth in the January 13, 2004 Grant Parish judgment, alleging that Mr. Durand was not complying with the plan. Mr. Durand filed an answer denying that he violated the plan and also filed a reconventional demand wherein he asserted that "[b]y judgment of March 24,

1

2004, in [d]ocket [n]umber 15041 on the docket of the [Thirty-fifth] Judicial District Court, [he] was recognized as the natural father of [Camren], therefore the birth certificate should be reissued naming [him] as [Camren's] father and changing [Camren's] last name." At a hearing on March 7, 2005, the trial court revisited the issues of custody, visitation, and child support; however, the judgment which resulted from that hearing, signed on October 3, 2005, did not address the issue of changing Camren's surname or the listing of Mr. Durand as Camren's father on the birth certificate.

On December 15, 2005, Mr. Durand filed a rule for custody and ancillary relief, wherein, among other things, he again raised the issue of Camren's name change and the listing of himself as Camren's father on the child's birth certificate. Following a hearing on the matter on January 20, 2006, the trial court ordered that:

> [Ms. Bell] will sign all documents that are required by the State of Louisiana to show [Mr.] Durand as [Camren's] father and that the child's name be changed to [Camren] Hope Durand so that state registrar of vital records can be notified and a new birth certificate may be issued showing the child's name to be [Camren] Hope Durand.

A judgment was signed in this matter on February 3, 2006. Ms. Bell perfected this appeal.

## DISCUSSION

On appeal, Ms. Bell argues that it was error for the trial court to order that Camren's birth certificate be amended to reflect Mr. Durand's paternity. We agree.

At birth, Camren's surname on her birth certificate was her mother's maiden name on her birth certificate in accordance with La.R.S. 40:34(B)(1)(a)(vi) of the "Vital Statistics Law" which states that "if the father of the child is not the husband of the mother, the surname of the child may be the maiden name of the mother . . . ."

2

Louisiana Revised Statutes 40:34(B)(1)(a)(v) provides that "[a]ny change in the surname of a child . . . shall be by court order as provided for in [La.]R.S. 13:4751 through [La.R.S. 13:]4755 or as otherwise provided in this Chapter or by rules promulgated thereunder." According to La.R.S. 13:4752, the proceeding to change a name shall be conducted contradictorily with the State. *See also, Evans v. Coody*, 99-1228 (La.App. 3 Cir. 2/2/00), 758 So.2d 256, *writ denied*, *sub nom. Evans v. Longrin*, 00-683 (La. 3/15/00), 755 So.2d 890. There is nothing in the record before us which indicates that the Rapides Parish District Attorney was involved in this matter.

Mr. Durand argues that the procedural requirements set forth in La.R.S. 13:4751, *et seq*., are inapplicable to the case at bar because Camren's surname was not correctly provided at birth by Ms. Bell. Mr. Durand asserts that Ms. Bell knew he was the father at the time of Camren's birth. Therefore, he contends that he is not required to comply with La.R.S. 13:4751, *et seq*., in order to have Camren's surname changed from Bell to Durand.

In *Morace v. Waller*, 99-1191 (La.App. 3 Cir. 12/8/99), 755 So.2d 905, the defendant-father made essentially the same argument presented by Mr. Durand. In *Morace*, the father of the minor child argued that since the child's mother knew the identity of the child's father at the time of the child's birth, she was required to list him as the father and use his surname as the child's surname. Since the child's mother did not provide the correct surname, the father argued that La.R.S. 13:4751(C)(4)[1] allowed him to petition to change the child's surname. This court

---

[1]Louisiana Revised Statutes 13:4751(C)(4) provides "[t]he petition may be signed by either the mother or the father acting alone if a child has been given a surname which is different from that authorized in R.S. 40:34(B)(1)(a)."

disagreed with the defendant-father's interpretation stating "[s]ince [the minor child] was given a surname which is authorized by La.R.S. 40:34(B)(1)(a), La.R.S. 13:4751(C)(4) does not apply in this instance." *Morace*, 755 So.2d at 907.

Therefore, applying the law and our legal ruling in both *Morace* and *Evans*, we find that the proper procedure has not been employed to change Camren's name and to require the minor child's birth certificate to be changed to reflect Mr. Durand's paternity. The procedural requirements set forth in La.R.S. 13:4751, *et seq.*, are applicable in this case, and Mr. Durand must comply therewith in order to effectuate his desired changes on the child's birth certificate. Consequently, this part of the judgment must be reversed.

## DECREE

For the reasons set forth above, the portion of the judgment of the trial court which orders that the minor child's surname be changed from Bell to Durand and requires that Mr. Durand be identified as the minor child's father on the birth certificate is reversed. All costs of this appeal are assessed to Defendant/Appellee, Brett Owen Durand.

**REVERSED.**