STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

16-1054


BROCK TAYLOR GARY

VERSUS

ALI RENEE LEBLANC


**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 16-C-2314-A
HONORABLE JAMES P. DOHERTY JR., DISTRICT JUDGE

**********

VAN H. KYZAR
JUDGE

**********

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and Van H. Kyzar, Judges.


AFFIRMED AS AMENDED

**Brenda Sibille Piccione**
**Piccione & Piccione**
**P. O. Box 3352**
**Lafayette, LA 70503**
**(337) 233-9030**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Brock Taylor Gary**

**Gay L. Babin**
**Piccione & Piccione**
**P. O. Box 3352**
**Lafayette, LA 70503**
**(337) 233-9506**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Brock Taylor Gary**

**Abbey L. Williams**
**Attorney at Law**
**111 North Court St.**
**Opelousas, LA 70570**
**(337) 942-7193**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Ali Renee LeBlanc**

**KYZAR, Judge.**

Brock Taylor Gary, the plaintiff, seeks the reversal of the trial court judgment in favor of Ali Renee LeBlanc, mother of the parties' minor child, granting the parties joint custody of the child but designating her as the principal custodial parent, ordering him to pay child support, and denying his request to amend the child's birth certificate changing the child's last name to "Gary". For the following reasons, we affirm the judgment of the trial court as amended herein.

## FACTS AND PROCEDURAL HISTORY

Brock Taylor Gary and Ali Renee LeBlanc are the unmarried parents of Alaia Claire LeBlanc, who was born in October of 2008. Both LeBlanc and Gary were 16 years old at the time. The parties acknowledge that the child has lived with LeBlanc as the domiciliary parent since her birth, with Gary exercising regular visitation every other weekend and occasional vacations and paying a mutually agreed upon amount in child support since the child was two months of age, though there was no formal or signed agreement.

In May of 2016, Gary became aware of an incident that occurred in March of the same year in which Alaia, the minor child, allegedly witnessed her four-year-old half-brother being sexually molested and choked by her maternal grandmother's boyfriend. LeBlanc and her three children, Alaia and two half-brothers, primarily live with LeBlanc's mother, as well as occasional time spent living with a Travis Bergeron, LeBlanc's boyfriend and father of her third child. Alaia has resided with LeBlanc at LeBlanc's mother's home for the majority of her life.

In response to the incident concerning Alaia's half-brother and alleging other factors, Gary petitioned the trial court to name him as domiciliary parent and

asked that the child's last name be changed from LeBlanc to Gary. LeBlanc answered the suit and filed a reconventional demand for child support. When rendering its judgment, the trial court specifically took into consideration the requirements of La.Civ.Code art. 134, which provides a non-exclusive list of twelve factors to determine the child's best interest, as well as the Louisiana child support worksheets. The trial court awarded the parties joint custody of the child and designated LeBlanc as the domiciliary parent, setting scheduled custodial visitation in favor of Gary. The trial court denied Gary's name change request, and ordered Gary to pay child support in the sum of $941.49 per month. This appeal followed.

## ASSIGNMENT OF ERRORS

On appeal, Gary asserts three assignments of error by the trial court. They are as follows:

1. The trial court erred in awarding domiciliary status to a mother with unstable relationships, inappropriate housing arrangements, and questionable regard for her child's health and well-being.

2. The trial court erred as a matter of law in its ruling on a request for the child's name to be changed.

3. The trial court erred in failing to consider the child's time with Mr. Gary as a basis for adjustment to the amount of child support to be paid during that period of time and in using bonuses in the calculation of child support payments.

## OPINION

*Custody*

The standard of review in child custody cases has been clearly stated by this court:

> The trial court is in a better position to evaluate the best interest of the child from its observances of the parties and witnesses; thus, a trial

court's determination in a child custody case is entitled to great weight on appeal and will not be disturbed unless there is a clear abuse of discretion. *Hawthorne v. Hawthorne*, 96–89 (La.App. 3 Cir. 5/22/96), 676 So.2d 619, 625, *writ denied*, 96–1650 (La.10/25/96), 681 So.2d 365.

*Gremillion v. Gremillion*, 07-492 (La.App. 3 Cir. 10/3/07) 966 So.2d 1228, 1231–32. The procedure to be followed by appellate courts in determining whether an abuse of discretion has occurred has been further laid out:

> In order to reverse a fact finder's determination of fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record clearly establishes that the fact finder is clearly wrong or manifestly erroneous.

*Stobart v. State, DOTD*, 617 So.2d 880, 882 (La.1993).

Gary asserts that the trial court erred in awarding domiciliary status to LeBlanc, alleging unstable relationships, inappropriate housing arrangements, and questionable regard for the health and well-being of the child. Gary contends that the facts require him to be named as the domiciliary parent of Alaia as LeBlanc is unable to fulfill Alaia's best interests. "The primary consideration in our analysis of a child custody determination is always the best interest of the child. La.Civ. Code art. 131." *Moss v. Goodger*, 12-783, p. 5 (La.App. 3 Cir. 12/12/12), 104 So.3d 807, 811. "The best interest of the child standard is a fact-finding intensive inquiry that requires the weighing and balancing of factors favoring or opposing custody in the competing parties on the basis of the evidence presented." *C.M.J. v. L.M.C.*, 14-1119, p. 18 (La. 10/15/14), 156 So.3d 16, 33. Louisiana Civil Code article 134 provides a non-exclusive list of criteria to be considered by the trial court in determining the best interest of a child, stating:

> The court shall consider all relevant factors in determining the best interest of the child. Such factors may include:

3

(1) The love, affection, and other emotional ties between each party and the child.

(2) The capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child.

(3) The capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs.

(4) The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment.

(5) The permanence, as a family unit, of the existing or proposed custodial home or homes.

(6) The moral fitness of each party, insofar as it affects the welfare of the child.

(7) The mental and physical health of each party.

(8) The home, school, and community history of the child.

(9) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.

(10) The willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party.

(11) The distance between the respective residences of the parties.

(12) The responsibility for the care and rearing of the child previously exercised by each party.

In ruling, the trial court addressed each of the twelve factors enumerated and its considerations given to each, though it is not required to do so. See *Hughes v. Talton*, 181 So.3d 10 (La.App. 5 Cir. 10/15/14). It pointed out that both parents have a close and loving relationship with the child, its belief that both parents would be suitable domiciliary custodians, and applauded both parents on their commitment and cooperation together in the raising of Alaia up to this point.

4

The trial court noted that both Gary and LeBlanc compare favorably and deemed both parents to be equal on many of the factors provided for by La.Civ.Code art. 134, though not all. The trial court ultimately determined that the child's best interest would be served by granting joint custody and maintaining LeBlanc as the domiciliary parent. In doing so, the court specified which factors it relied upon most in determining custody, namely the family relationship and the prior rearing of the child. The trial court pointed out that, despite Gary's assertions, changing the domiciliary status of Alaia would force her to leave her current school and classmates, where she has been attending classes since she began school. The trial court further expressed concern that such a change would render apart Alaia and her two siblings, with whom she has spent her life, with no evidence as to what effect a separation from her siblings may have on the child. The court did, then, touch upon the incident concerning Alaia's half-brother that prompted this suit, reiterating that as unfortunate as the occurrence was and without condoning LeBlanc's handling of the situation, the incident did not directly occur or happen to Alaia, but to another child with Alaia as a regrettable witness. In addressing this incident, the trial court noted the testimony of Ms. Elizabeth Baumer, a professional counselor and social worker, stating:

> …what she told [the court] was obviously Alaia was taught between right and wrong, the way she reacted to the situation that occurred, that after being primarily raised by [LeBlanc], Alaia was a well adjusted child. She did very well interacting with others and she was on task mentally and socially.

In his brief, Gary argues that the facts require a modification of the custodial arrangement of Alaia under the best interest of the child standard. In addition to his other arguments, Gary asserts that Alaia's prolonged dental issues show

LeBlanc's negligence and lack of regard concerning Alaia's health. The trial court addressed this issue as well, noting that the required dental surgery had already been previously scheduled by LeBlanc, and though it had been cancelled, the cancellation was not due to any fault of LeBlanc's.

Gary asserts that pursuant to the criteria of La.Civ.Code art. 134, the best interest of the child would be served by naming him as the domiciliary parent. Gary goes on to address each one of the twelve enumerated factors, pointing out those he believes weigh in his favor and noting the points on which he disagrees with the determinations of the trial court. However, "[a] trial court's determination of a child's best interest is usually based heavily on factual findings." *Henry v. Henry*, 08-689 (La.App. 1 Cir. 9/23/08), 995 So.2d 643. "It is well settled that an appellate court cannot set aside a trial court's factual findings in the absence of manifest error or unless the findings are clearly wrong." *Rosell v ESCO*, 549 So.2d 840, 844 (La.1989). After considering the evidence and hearing the testimony and arguments of both parties, the trial court found that both parents were fit, but that it would be in Alaia's best interest to continue living primarily with her mother and brothers. Based upon our review of the record, and given the great deference afforded the decision of the trial court in child custody matters, we find no error in the trial court's award of domiciliary status to LeBlanc. See *Gill v. Bennett*, 11-886 (La.App. 3 Cir. 12/7/11) 82 So.3d 383. Pursuant to the foregoing, the judgment assigning joint custody, designating LeBlanc as domiciliary parent and setting custodial visitation rights in favor of Gary, is affirmed.

*Name Change of Minor Child*

Gary next asserts that the trial court erred as a matter of law in ruling on his request to change the surname of the parties' minor child to "Gary". The issue regarding the petition to change the name of the minor child raises a question of law. Accordingly, this court reviews that question de novo. *Domingue v. Bodin*, 08-62 (La.App. 3 Cir. 11/5/08), 996 So.2d 654. "Appellate review of questions of law is simply to determine whether the trial court was legally correct or incorrect." *Cangelosi v. Allstate Ins. Co.*, 96-0159, p. 3 (La.App. 1 Cir. 9/27/96), 680 So.2d 1358, 1360.

In the instant case, Gary combined his petition against LeBlanc seeking custody and domiciliary parent status of their minor child with a request that the child's last name be changed to "Gary". In ruling on the name change request, the trial court cited La.R.S. 40:34(B)(1)(a)(v), as it read at the time, as authority to not only initially affix a child's surname but also to "change" the name on a child's birth certificate by the agreement of both parties, stating as follows:

> Under the provisions of Revised Statute 40, Section 34(B)(1)(a)IV, it provides that the child's name can be changed with the concurrence of the parents. In this particular case, the mother, although initially under direct examination by Ms. Babin said she would do that, but the Court, judging her demeanor on the stand, realized that that may have been coerced. She later changed it. In connection with this matter, the Court also is concerned about just hitting a child with the status, "Hey, I'm going to change your name," but if the parents decide in the future after consulting with each other and at least having some conversation with the child about it, the Court would not be adverse to allowing a name change. At this time the Court denies it.

In denying the relief prayed for, the trial court erred in applying the provisions of title 40 to a request for a name change for a minor. The only proper legal procedure to change the name of a child is found within the provisions of

La.R.S. 13:4751 et seq. These provisions lay out a specific procedure to be followed, namely that a contradictory hearing with the district attorney is required. See La.R.S. 13:4752. Gary asserts that because the required procedure was not followed, the trial court improperly ruled on the name change request as the court had no authority to render judgment on an issue not properly before it. In *Bell v. Durand*, 06-708 (La.App. 3 Cir. 11/2/06), 942 So.2d 727, this court noted:

> Louisiana Revised Statutes 40:34(B)(1)(a)(v) provides that "[a]ny change in the surname of a child ... shall be by court order as provided for in [La.] R.S. 13:4751 through [La.R.S. 13:]4755 or as otherwise provided in this Chapter or by rules promulgated thereunder." According to La.R.S. 13:4752, the proceeding to change a name shall be conducted contradictorily with the State. See also, *Evans v. Coody*, 99–1228 (La.App. 3 Cir. 2/2/00), 758 So.2d 256, *writ denied, sub nom. Evans v. Lungrin*, 00–683 (La.3/15/00), 755 So.2d 890.

In *Bell*, the father of the minor child combined a petition to change the surname of the child in an action for child custody, support, and visitation. *Id.* This court found that the procedural requirements of La.R.S. 13:4751 et seq. did apply, the procedure employed by the father had not been proper, and that the father would be required to comply therewith in order to effectuate his desired changes on the child's birth certificate. *Id* at 729. As in *Bell*, nothing in the record in the instant matter indicates that the St. Landry District Attorney was involved. As such, the procedure required by La.R.S. 13:4751 et seq. was not followed, and the issue was not properly before the court and as pled, was and is subject to peremptory exceptions of no cause of action and the failure to join an indispensable party. La.Code Civ.P. art. 927. We note that under the provisions of this article and as recognized by the court in *Moreno v. Entergy Corporation*, 10-2268 (La. 2/18/2011) 64 So.3d 761, any peremptory exception other than one asserting prescription can be raised by an appellate court on its own motion.

Therefore, while Gary is correct and while we agree that the trial court erred in its interpretation and application of the law, the denial of the relief requested was correct, albeit for the wrong reasons. Thus, we hereby raise and grant peremptory exceptions of no cause of action and failure to join an indispensable party, the St. Landry Parish District Attorney in this case, and dismiss Gary's petition as to the change of the minor child's name. This dismissal is without prejudice, however, to Gary's right to file an amended petition to change the minor's surname utilizing the proper procedures as noted herein and as authorized by the provisions of La.Code Civ.P. art. 934. No time limit for the action needs to be fixed as the parents can utilize the proper procedure to change the child's surname at any time during the child's minority. Accordingly, the judgment of the trial court denying Gary's request to change the surname of the child is affirmed as amended, dismissing Gary's petition to change the minor's name, without prejudice, subject to Gary's right to amend the petition or file a separate petition utilizing the provisions of La.R.S. 13:4751 et seq.

*Child Support*

Gary asserts that the trial court erred both in failing to consider the child's time spent with him as a basis for adjustment to the amount of child support to be paid during that period of time and in using bonuses in the calculation of his income to determine child support payments. We disagree. Trial courts have great discretion in determining the amount of a child support award. *Murphy v. Murphy*, 894 So.2d 542 (La. 2/2/05). This court has clearly defined this standard of review by noting, "[w]e review child support determinations using the manifest error standard of review, and we will not disturb the trial court's support order unless it committed manifest error or an abuse of discretion in its determination." *Bergeron*

9

*v. Bergeron*, 11-130 (La.App. 3 Cir. 10/5/11), 75 So.3d 537, 540, *writ denied*, 11-2466 (La. 1/20/12), 78 So.3d 144; *State, Dep't of Soc. Servs. v. L.T., Jr.*, 05–1965 (La.7/6/06), 934 So.2d 687.

Louisiana Revised Statutes 9:315.8 outlines child support calculation guidelines and addresses the issue of allowing a credit at the trial court's discretion based upon the amount of time spent with the non-domiciliary parent. Specifically, La.R.S. 9:315.8(E) states:

> E. "Joint Custody" means a joint custody order that is not shared custody as defined in R.S. 9:315.9.
>
> (1) In cases of joint custody, the court shall consider the period of time spent by the child with the nondomiciliary party as a basis for adjustment to the amount of child support to be paid during that period of time.
>
> (2) If under a joint custody order, the person ordered to pay child support has physical custody of the child for more than seventy-three days, the court may order a credit to the child support obligation. A day for the purposes of this Paragraph shall be determined by the court; however, in no instance shall less than four hours of physical custody of the child constitute a day.
>
> (3) In determining the amount of credit to be given, the court shall consider the following:
>
> (a) The amount of time the child spends with the person to whom the credit would be applied. The court shall include in such consideration the continuing expenses of the domiciliary party.
>
> (b) The increase in financial burden placed on the person to whom the credit would be applied and the decrease in financial burden on the person receiving child support.
>
> (c) The best interests of the child and what is equitable between the parties.
>
> (4) The burden of proof is on the person seeking the credit pursuant to this Subsection.

(5) Worksheet A reproduced in R.S. 9:315.20, or a substantially similar form adopted by local court rule, shall be used to determine child support in accordance with this Subsection.

This provision allows the trial court to grant a credit to the non-domiciliary parent against his or her basic child support obligation if the parent exercises at least seventy-three days of visitation a year. However, as this court has noted:

> ...the credit is not applied automatically even if the parent proves the amount of time spent with the child exceeds seventy-three days. Instead, the parent seeking the credit bears the additional burden of proving: (1) the physical custody of the children results in an increase in his/her financial burden and a decrease in the financial obligation of the other parent, and (2)the [sic] best interests of the child and what is equitable between the parties would be served by allowing the credit.

*Lea v. Sanders*, 04-762 (La.App. 3 Cir. 12/22/04), 890 So.2d 764, 767, *writ denied*, 05-183 (La. 3/24/05), 896 So.2d 1046. It is undisputed that Gary did not offer any evidence to show an increased financial burden caused by the increased visitation with his daughter. Gary asserts that he did not see a need to present evidence of his child care expenses as he was optimistic that he would be named domiciliary parent.

This is similar to the issue addressed by this court in *Lea*, 890 So.2d at 770, wherein the court noted, "Other than the numerical percentage, [petitioner] has presented no other evidence to indicate that he is bearing a greater financial responsibility under this arrangement or that he is decreasing the financial burden of the domiciliary parent." The court went on to hold that the father, who in that instance had custody of the children 43% of the time, was not entitled to the rebuttable presumption that the financial burden of raising children was being shared equally without submitting additional proof, as a basis for reducing his child support obligation. *Id.* Further, this court has also previously found a trial court in error for allowing a 30% deviation from the support obligation, based solely on the

basis of time spent, absent any other proof in the record. *Guillot v. Munn*, 99-2132 (La.3/24/00) 756 So.2d 290. We conclude, therefore, that the trial court was not manifestly erroneous or clearly wrong in not reducing the amount of support for the time spent in Gary's custody.

Gary further contends the trial court erred in including bonuses in the calculation of his income for child support payment purposes. It is clear from La.R.S. 9:315(C)(3)(a) that gross income refers to income from all sources, including bonuses. In *Earl v. Earl*, 43,925 (La. App. 2 Cir. 12/3/08), 998 So.2d 828, the court reversed a trial court judgment setting an amount of child support without including bonuses, stating as follows:

> Under La. R.S. 9:315(C)(3)(a), gross income includes bonuses. This court has recognized, however, the potential problems when a large year-end bonus, which is sometimes almost equal to the annual base salary, is included in the calculation of the parent's income for purposes of setting a monthly child support amount. *Patrick v. Patrick*, 34,799 (La.App.2d Cir.4/4/01), 785 So.2d 169. The trial court, therefore, has considerable discretion in considering bonuses in the child support calculation.

We cannot conclude that the trial court was manifestly erroneous or clearly wrong in its decision to include Gary's bonuses within his gross income. In this instance, the trial court was not faced with the issue of large bonuses that were the near equal to the normal monthly income of the employee. Further, Gary is in the employ of his father in a family business, and there was no testimony that the bonuses were sporadic or subject to cancellation. Accordingly, the judgment setting the amount of child support is affirmed.

### DECREE

For the foregoing reasons, we affirm that portion of the trial court judgment assigning custody, visitation, and domiciliary status, as well as the portion of the

judgment setting the amount of child support to be paid. In regards to the judgment denying Gary's name change request, we affirm the ruling of the trial court as amended herein. Costs of this appeal are assessed to Brock Taylor Gary.

**AFFIRMED AS AMENDED**