| JAN W. CLAIBORNE, Judge Pro Tern.
Appellant, Gary Fontenot, appeals the judgment of the trial court granting the peremptory exception of no cause of action filed by appellee, Rhonda Brewer Noble, thereby dismissing appellant’s petition for name change.[2] For the following reasons, we affirm the judgment sustaining the exception of no cause of action, and remand to the trial court for further proceedings.
FACTS AND PROCEDURAL HISTORY
In late 1998, appellee, Rhonda Brewer Noble (Noble), informed appellant, Gary Fontenot (Fontenot), that she was pregnant with his child. Thereafter, on May 27, 1999, appellee gave birth to a son and named him Spencer Perry Brewer. Fon-tenot alleges that later, after a paternity test, he acknowledged the child, paid birth expenses, and stipulated to a child support agreement with Noble.
On September 9, 1999 (just over three months after the child’s birth), Fontenot filed a petition for name change alleging that under La. R.S. 40:34(B)(1)(a)(iv), he is entitled to have the child’s name changed to his surname. Noble responded to the petition with a peremptory exception of no cause of action urging that Fontenot was not entitled to the relief prayed for because the child was born prior to the effective date of Act 177 of 1999[3], Regular Session of the Louisiana Legislature, which amended the procedure whereby a child’s name could be changed.[4]
Holding that the act was to be applied prospectively only, the trial court granted the exception of no cause of action and dismissed Fontenot’s petition. This appeal followed.
| .DISCUSSION
In his sole assignment of error, Fontenot argues that the trial court erred in dismissing his petition for name change. He argues that the date of the birth of the *338 child is irrelevant to these proceedings. He contends that La. R.S. 40:34 allows him to have his son’s surname changed to his surname once he acknowledged the child, and agreed to a plan of support.
Noble responded with an exception of no cause of action arguing that Fontenot has no right to have the child’s name changed because the child was born on May 27, 1999, prior to the July 2, 1999 effective date of the statutory amendment upon which Fontenot relies. Noble avers that the amendments to La. R.S. 40:34 are substantive changes and should be applied prospectively only.
Fontenot’s right to bring this action derives from La. R.S. 13:4751(0(4), which reads as follows:
The petition [for name change of a minor] may be signed by either the mother or the father acting alone if a child has been given a surname which is different from that authorized in R.S. 40:34(B)(l)(a).
La. R.S. 40:34 provides legislative guidelines for vital statistics records and as amended, provides, in pertinent part:
(1) Contents of birth certificate. The certificate of birth shall contain, as a minimum, the following items:
(a) Full name of child
* * *
(iv) If the child is an illegitimate child..., the surname of the child shall be the mother’s maiden name, if the natural father is unknown. If the natural father is known, has acknowledged the child, and has agreed to a plan of support, the surname of the child shall be that of the natural father unless the mother and natural father agree otherwise. If the natural father is known but has not acknowledged the child or has not agreed to a plan of support, if the mother agrees, the surname of the child shall be that of the natural father. If both the mother and the natural father agree, the surname of the child may be a combination of the surname of the natural father and the maiden name of the mother. For purposes of this Item, “natural father” |4means a father whose child has been legitimated by subsequent marriage of the parents or by notarial act, or a father who has formally acknowledged his illegitimate child or who has been judicially declared to be the father in a filiation or paternity proceeding. (Emphasis added.)
Therefore, under La. R.S. 40:34(B)(l)(a)(iv), as amended, if the natural father acknowledged the child and agreed to a plan of support, he could require that the illegitimate child bear his (the natural father’s) surname.
Prior to the 1999 amendment, La. R.S. 40:34(B)(l)(a)(iv) provided:
(iv) If the child is an illegitimate child as provided in Civil Code Article 180, the surname of the child shall be the mother’s maiden name, if the natural father is unknown. Otherwise, if the mother agrees, the surname of the child shall be that of the natural father or, if both the mother and natural father agree, the surname of the child may be a combination of the surname of the natural father and the maiden name of the mother. For purposes of this item, “natural father” means a father whose child has been legitimated by subsequent marriage of the parents or by notarial act, or a father who has formally acknowledged his illegitimate child or who has been judicially declared the father in a filiation or paternity proceeding. (Emphasis added.)
Under the statute prior to the legislative amendment in question, the natural father of an illegitimate child did not have a right to have the child bear his surname alone, *339 except when the mother agreed. It was the mother’s choice to allow the child to bear either her maiden name, the surname of the natural father, or if the father agreed, a combination of the surname of the natural father and the maiden name of the mother. Morace v. Waller, 99-1191 (La.App. 3 Cir. 12/8/99), 755 So.2d 905.
With the adoption of the 1999 amendment to La. R.S. 40:34(B)(1)(a)(iv), the legislature gave the natural father of an illegitimate child who (1) is known, (2) acknowledges the child, and (3) enters into an agreement for support of the child, the right to have the child bear his surname, unless the parents agree that the child’s surname shall be a combination of the natural father’s surname and the mother’s maiden name. Clearly, this statute confers new rights on the parties.
| ¿Thus, if the 1999 amendment to R.S. 40:34 can be applied in this case, plaintiff would have the right to demand that the child bear his surname. Otherwise, his rights would depend on the provisions of the law prior to amendment.
The determination of whether a new law is given retroactive application is governed by La.Code Civ. P. art. 6, which provides:
In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary.
The application of La. Code Civ. P. art. 6 involves a two-part inquiry. First, we must determine whether the legislature expressed its intent regarding retrospective or prospective application in the enactment. If the legislature did express its intent, such intent must be followed. If it did not require retroactive application, we must determine whether the enactment is substantive, procedural, or interpretive. King v. Phelps Dunbar, L.L.P., 98-1805, p. 4 (La.6/4/99), 743 So.2d 181, 185.
Laws which are procedural or interpretive may apply retroactively to a cause of action which arose prior to the law’s effective date; however, laws which are substantive in nature may only apply prospectively, “in the absence of contrary legislative expression.” Jacobs v. City of Bunkie, 98-2510, p. 7 (La.5/18/99), 737 So.2d 14, 20.
When the legislature amended La. R.S. 40:34 by Act 834 of 1999, the legislature did not address its intent regarding the retrospective or prospective application of the amendments. Therefore, in order to determine if the legislative amendment to La. R.S. 40:34 is to be applied retroactively, we must first determine whether the amendments were substantive or procedural.
It is well-settled that substantive laws either establish new rules, rights, and duties, or change existing ones, while interpretive laws merely establish the meaning the statute had from the time of its enactment. Curative acts are those that remove | fipast disabilities in order to effect the true intent of the legislature. Procedural laws prescribe a method for enforcing a previously existing substantive right and relate to the form of the proceeding or the operation of the laws. See, Keith v. United States Fidelity & Guaranty Company, 96-2075 (La.5/9/97), 694 So.2d 180. See also, Adams v. City of Baton Rouge, 95-2515 (La.App. 1st Cir.4/30/96), 673 So.2d 624, writs denied, 96-1491, 96-1492, (La.9/20/96), 679 So.2d 439, and cases therein cited.
Although La. R.S. 40:34 contains procedural or administrative provisions establishing the rules to be followed by the state registrar of vital records, it also confers *340 rights on the parents of children with respect to the names of the children. Therefore, we hold that the amendments to La. R.S. 40:34 by Act 184 are substantive and should be applied prospectively only.
In this case, Fontenot alleges that the date of birth of the child is irrelevant in these proceedings. We agree. We find that under La. R.S. 40:34, which governs information to be contained in birth certificates, the relevant date is the date the birth certificate is filed. The record is devoid of any evidence as to whether the birth certificate was filed prior to, or after the July 2, 1999 effective date of the act that amended La. R.S. 40:34. In his petition Fontenot alleged the date of birth of the child, but failed to allege the date on which the child was named and/or the date the birth certificate was filed. The trial court erred in dismissing Fontenot’s suit. When the grounds of a peremptory exception may be removed by amendment of the petition, the court must allow the plaintiff an opportunity to amend. La.Code Civ. P. art. 934. Accordingly, Fontenot must be permitted an opportunity to amend his petition.
For the foregoing reasons, we affirm the judgment sustaining the exception of no cause of action. Further, we order that this case be remanded to the district court to allow Fontenot thirty (30) days from finality of this judgment to amend his | .¡petition, if possible, to state a cause of action in accord with this opinion. If Fon-tenot fails to comply, the action may be subject to dismissal by that court.
AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS.
FOIL, J., Concurs.
^CONCURRING OPINION

. Defendant’s pleading is entitled "ANSWER TO PETITION EXCEPTION OF NON JOIN-DER OF INDISPENSABLE PARTY.” The body of the pleading also includes a "Peremptory Exception” which appears to be both an exception of no cause of action and exception of want of interest or no right of action.

. Both parties erroneously referred to the legislative amendment as "Act 177 of 1999.” The legislative amendments in question were made by Act 834 of 1999.

.Plaintiff’s original petition sought relief only against the child's mother. Subsequent to the exception of non-joinder of an indispensable party, plaintiff amended the petition to make the District Attorney of the Parish of East Baton Rouge a party defendant in order to comply with the provisions of La. R.S. 13:4752. The District Attorney answered, submitted the matter for any appropriate judgment, and waived notice of trial.