J¿DHOMAS F. DALEY, Judge.
Appellant Mark Davis appeals a trial court judgment ordering that his minor child’s surname be changed to the surname of his ex-wife’s current husband. Davis was divorced from his ex-wife, Deborah Lotz Eumont, with sole custody of their minor daughter, Sarah Elizabeth Davis, awarded to Mrs. Eumont. In their turbulent domestic proceedings, Eumont petitioned the trial court to change Sarah’s last name to the name of her new husband, as per LSA-R.S. 13:4751. Davis answered the petition. The trial court rendered judgment on the pleadings, after noting that Davis admitted, in his answer, his failure to comply with a court order to pay child support for one year, a statutory condition upon which a minor child’s name change may be ordered.
On appeal, Davis assigns the following errors:
1. The trial court committed reversible error by issuing an Order changing the name of a minor where the moving party faded to maintain the laproceedings contradictorily with the District Attorney as required by LSA-R.S. 13:4752.
2. The trial court committed reversible error by granting the Motion for Judgment on the Pleadings without considering all of the allegations in the adverse party’s pleadings as true, as required by Article 965 of the Louisiana Code of Civil Procedure.
3. The trial court committed reversible error by issuing an order changing the name of a minor under LSA-R.S. 13:4751(C)(2)(a) when the issue was raised as to whether the parent *130 had paid one-half of his child’s tuition as required by the judgment of support within the year preceding the filing of the Petition to change the child’s name.
4. The trial court abused its discretion by issuing an Order changing the child’s name under LSA-R.S. 13:4751(C)(2)(a).
Because we find merit to the first Assignment of Error, we pretermit discussion of the other errors raised by defendant. We vacate the judgment and remand for further proceedings consistent with this opinion.
LAW AND ANALYSIS
Mr. Davis relies on LSA-R.S. 13:4751 and 13:4752, as follows:
§ R.S. 13:4751. Petition for name change; adults; minors
A. The name of a person may be changed as provided in this Section.
* * * *
C. If the person desiring such change is a minor or if the parents or parent or the tutor of the minor desire to change the name of the minor:
(1) The petition shall be signed by the father and mother of the minor or by the survivor in case one of them be dead.
(2) If one parent has been granted custody of the minor by a court of competent jurisdiction, the consent of the other parent is not necessary if the other parent has been served with a copy of the petition and any of the following exists:
(a) The other parent has refused or failed to comply with a court order of support for a period of one year. |4(b) The other parent has failed to support the child for a period of three years after judgment awarding custody to the parent signing the petition.
(c) The other parent is not paying support and has refused or failed to visit, communicate, or attempt to communicate with the child without just cause for a period of two years.
(d) The other parent has refused or failed to visit, communicate, or attempt to communicate with the child without just cause for a period of ten years.
(3) In case the minor has no father or mother living, the petition shall be signed by the tutor or tutrix of the minor and in default of any tutor or tutrix, shall be signed by a special tutor appointed by the judge for that purpose.
(4) The petition may be signed by either the mother or the father acting alone if a child has been given a surname which is different from that authorized in R.S. 40:34(B)(l)(a).
R.S. 13:4752. Representation of state; service
The proceedings shall be carried on contradictorily with the district attorney or district attorney pro tem of the parish in which the application is made, who shall represent the state, and who shall be served with a copy of the petition and citation to answer the same.
In his First Assignment of Error, Mr. Davis argues that the trial court committed reversible error because the proceedings were not carried on contradictorily with the District Attorney, nor was the District Attorney served with a copy of the petition and citation, as is required by R.S. 13:4752.
Ms. Eumont, the appellee, argues in brief that even if the District Attorney’s office had been notified (served) of the Petition for Name Change, the outcome *131 would have been the same (the grant of the petition) since Mark Davis admitted in his Answer that he failed to pay child support for more than one year, one of the requirements of R.S. 13:4751. Ms. Eu-mont further argues that Davis cannot step into Isthe shoes of the District Attorney’s office and assert rights on appeal that, if they exist at all, are vested in the District Attorney’s office. Further, Eu-mont argues that Davis should have raised this issue in a declinatory exception (insufficiency of service of process) or a dilatory exception (prematurity/lack of procedural capacity), and having not done that, may not complain on appeal of these procedural defects.
Initially, we note that the language in R.S. 13:4752 uses the mandatory term “shall,” which for purposes of statutory construction, denotes a mandatory duty. In re Succession of Boyter, 99-0761 (La.1/7/00), 756 So.2d 1122. Therefore, the requirement is mandatory that the proceedings for the name change be carried on with the District Attorney’s office contradictorily. As such, they are an indispensable party to this cause of action. The statute is clear. See Fontenot v. Noble, 2000-0618 (La.App. 1 Cir. 5/11/01), 786 So.2d 335.
The failure to join an indispensable party may be brought by peremptory exception (not a dilatory or declinatory), as per LSA-C.C.P. arts. 641 and 642. C.C.P. art. 928 states that the peremptory exception may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision and may be filed with the declinatory exception or with the dilatory exception, or both. Under C.C.P. art. 645, the failure to join a party to an action may be pleaded in the peremptory exception, or may be noticed by the trial or appellate court on its own motion. This court hereby notices this procedural defect. A judgment rendered without an indispensable party is an absolute nullity. Frey v. American Quarter Horse Ass’n, 95-157 (La.App. 5 Cir. 7/25/95), 659 So.2d 849.
Because the District Attorney clearly is, by the express wording of the statute, an indispensable party to these proceedings, the appellee’s position, that the outcome | ¿would have been the same whether the District Attorney was served with the petition or not, is of no moment.
Though we must vacate the trial court’s judgment and remand this case for service on the District Attorney, our review of the applicable law and complete record, particularly Davis’s admission in his pleadings and during the hearing that he refused or failed to comply with a court order of support for a period of one year, as per R.S. 13:4751(C)(2)(a), provides that the trial court “may” rule in favor of the petitioner.
Accordingly, the judgment is vacated and the matter remanded for proceedings consistent with this opinion.
VACATED AND REMANDED.