942 So.2d 42 (2006)
In re The MINOR CHILD, Alexandra Ireland SEDDON.
No. 2005-CA-0791.
Court of Appeal of Louisiana, Fourth Circuit.
September 20, 2006.
Elise Marie Beauchamp, New Orleans, LA, for Appellant Catherine Seddon.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY, Judge MICHAEL E. KIRBY).
MICHAEL E. KIRBY, Judge.
Catherine Seddon, mother of the minor child, Alexandra Ireland Seddon, appeals the trial court judgment, granting the request *43 of the child's father, Glenn Simpson[1], to change the child's name to Alexandra Ireland Simpson.
On August 26, 2002, Glenn Simpson filed a petition to change the minor child's name to Alexandra Ireland Simpson. In that petition, Mr. Simpson stated that he is the father of the minor child, Alexandra Ireland Seddon, who was born on September 6, 1998. The petition states that Mr. Simpson and the child's mother, Catherine Seddon, were never married. Mr. Simpson was granted joint custody of the child and visitation rights. The court instituted a plan of child support in 1999, although a dispute exists between the parties as to whether or not Mr. Simpson has complied with his child support obligation. The petition notes that Ms. Seddon did not consent to the proposed name change, but Mr. Simpson contends that Ms. Seddon's consent is not required under La. R.S. 40:34.
Following trial of this matter, the trial court rendered judgment, granting Mr. Simpson's request that the child's name be changed to Alexandra Ireland Simpson, and ordering that the State Registrar of Vital Records Forms alter the original birth certificate of the child to reflect the name change. Ms. Seddon appealed, arguing that the trial court erred in applying the version of La. R.S. 40:34 that was in effect in 2002 when the petition to change the name of the minor child was filed rather than applying the version in effect when the child's birth certificate was filed. Alternatively, Ms. Seddon argues that if the version of La. R.S. 40:34 in effect in 2002 applies, the trial court erred in finding that Mr. Simpson had agreed to a plan of support as required under the 1999 amendment to La. R.S. 40:34.
The following dates are relevant to this proceeding. The minor child was born on September 6, 1998, the petition to change the name of the minor was filed on August 26, 2002 and trial of this matter was held on January 19, 2005. Different versions of La. R.S. 40:34 were in effect on each of these three dates. La. R.S. 40:34(B)(1)(a)(iv), as in effect on the date of the child's birth, stated the following on the issue of the surname of a child born outside of marriage:
If the child is an illegitimate child as provided in Civil Code Article 180, the surname of the child shall be the mother's maiden name, if the natural father is unknown. Otherwise, if the mother agrees, the surname of the child shall be that of the natural father or, if both the mother and natural father agree, the surname of the child may be a combination of the surname of the natural father and the maiden name of the mother. For purposes of this item, "natural father" means a father whose child has been legitimated by subsequent marriage of the parents or by notarial act, or a father who has formally acknowledged his illegitimate child or who has been judicially declared the father in a filiation or paternity proceeding. (Emphasis added.)
The 1999 amendment to La. R.S. 40:34, in effect on the date the petition to change the name was filed, changed the provision regarding the surname of a child born outside of marriage to state the following, in pertinent part:
If the child is an illegitimate child . . ., the surname of the child shall be the mother's maiden name, if the natural father is unknown. If the natural father is known, has acknowledged the child, and has agreed to a plan of support, the surname of the child *44 shall be that of the natural father unless the mother and natural father agree otherwise. If the natural father is known but has not acknowledged the child or has not agreed to a plan of support, if the mother agrees, the surname of the child shall be that of the natural father. If both the mother and the natural father agree, the surname of the child may be a combination of the surname of the natural father and the maiden name of the mother. For purposes of this Item, "natural father" means a father whose child has been legitimated by subsequent marriage of the parents or by notarial act, or a father who has formally acknowledged his illegitimate child or who has been judicially declared to be the father in a filiation or paternity proceeding. (Emphasis added.)
At the time of trial in 2005, the 2003 amendment to La. R.S. 40:34 was in effect, which stated the following regarding the surname of a child born outside of marriage:
If the child is born outside of marriage, the surname of the child shall be the mother's maiden name. If the father is known and if both the mother and the father agree, the surname of the child may be that of the father or a combination of the surname of the father and the maiden name of the mother. For purposes of this Item, "father" means a father who has acknowledged his child or who has been judicially declared the father in a filiation or paternity proceeding. (Emphasis added.)
In determining which version of this statute applies in this case, we are guided by the First Circuit case of Fontenot v. Noble, XXXX-XXXX (La.App. 1 Cir. 5/11/01), 786 So.2d 335. In that case, also involving the petition of a father to have his child's surname changed from the mother's maiden name to the father's surname, different versions of La. R.S. 40:34 were in effect when the child at issue was born and when the petition for name change was filed. The child was born on May 27, 1999, and the petition was filed on September 9, 1999. The 1999 amendment to La. R.S. 40:34 became effective on July 2, 1999. Trial in this matter was held prior to the 2003 amendment to La. R.S. 40:34.
In Fontenot, the mother filed an exception of no cause of action to the father's petition for name change, arguing that the 1999 amendment did not apply because the minor child was born prior to the effective date of the amendment, and the version of La. R.S. 40:34 in effect prior to the 1999 amendment required the mother's agreement for a name change. The trial court found that the 1999 amendment was to be applied prospectively only, and granted the mother's exception. The father appealed, arguing that the date of the child's birth was irrelevant in a proceeding to change the child's surname. The First Circuit agreed, finding that the relevant date in this type of proceeding is the date the birth certificate was filed. Fontenot v. Noble, XXXX-XXXX, p. 6, (La.App. 1 Cir. 5/11/01), 786 So.2d 335, 340.[2]
The minor child that is the subject of the instant case was born on September *45 6, 1998. The 1999 amendment to La. R.S. 40:34 was not effective until July 2, 1999, ten months after the child's birth. Generally, new laws which are procedural or interpretive may apply retroactively to a cause of action which arose prior to the law's effective date; however, laws which are substantive in nature may only apply prospectively "[i]n the absence of contrary legislative expression." Jacobs v. City of Bunkie, 1998-2510, p. 7 (La.5/18/99), 737 So.2d 14, 20. The Legislature did not address the issue of whether this amendment was to have prospective or retroactive application.[3] We hold, as did the First Circuit in Fontenot v. Noble, supra, that this amendment is substantive in nature and should be applied prospectively only.
In this case, the record is devoid of any evidence as to when the birth certificate of the minor child was filed. In a civil case, the plaintiff has the burden of proving his or her case by a preponderance of the evidence. Wood v. Becnel, XXXX-XXXX (La.App. 4 Cir. 2/26/03), 840 So.2d 1225. Mr. Simpson had the burden of proving when the minor child's birth certificate was filed so that a proper decision could be made as to which version of La. R.S. 40:34 applied. By not offering any evidence on this issue, Mr. Simpson failed to carry his burden of proof.
La. R.S. 40:44 requires that birth certificates be filed with the appropriate registrar within fifteen days after the birth. Absent any evidence to show non-compliance with the filing requirements of La. R.S. 40:44, we must assume that the birth certificate was filed timely. Under the pre-1999 version of La. R.S. 40:34, the mother's agreement is required for the surname of the minor child born outside of marriage to be changed to that of the father's surname. Ms. Seddon has not agreed to the name change, and accordingly, the trial court erred in granting Mr. Simpson's request to change the child's surname to Simpson.
For the reasons stated above, we reverse the trial court judgment granting Mr. Simpson's request that the surname of the minor child born to him and Ms. Seddon be changed from Seddon to Simpson. We hereby render judgment dismissing Mr. Simpson's petition.
REVERSED AND RENDERED.
NOTES
[1] Mr. Simpson did not file an appeal brief.
[2] Because the record in the Fontenot case was devoid of any evidence as to whether the birth certificate was filed prior to, or after the effective date of the amendment, the First Circuit affirmed the trial court's granting of the mother's exception of no cause of action, but remanded the case to allow the father the opportunity to amend his petition to state a cause of action. Id. The Fontenot case is procedurally distinguishable from the instant case. The Fontenot case involved only an exception whereas the instant case was decided after a full trial on the merits.
[3] We note that the Legislature declared Acts 2000, 1st Extraordinary Session, No. 136, to be procedural in nature and entitled to retroactive application. However, that Act did not include any changes to the provision in La. R.S. 40:34 dealing with the surname of a minor child born outside of marriage.