| | | |
|---|---|---|
| **JACK ADAMS** | * | **NO. 2019-CA-1105** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **RICK M. SUTTON** | * | |
| | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

* * * * * * *

**CONSOLIDATED WITH:**                    **CONSOLIDATED WITH:**

**JACK ADAMS**                                     **NO. 2019-C-0796**

**VERSUS**

**RICK M. SUTTON**


**CONSOLIDATED WITH:**                    **CONSOLIDATED WITH:**

**JACK ADAMS**                                     **NO. 2019-C-0851**

**VERSUS**

**RICK SUTTON**


APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-03907, DIVISION "L"
Honorable Kern A. Reese, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Roland L. Belsome, Judge
Joy Cossich Lobrano, Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins)


Kim M. Boyle
Rebecca Sha
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130

Gregory W. Kehoe
GREENBERG TRAURIG, P.A.
101 E. Kennedy Blvd., Suite 1900
Tampa, FL 33602

      COUNSEL FOR PLAINTIFF/APPELLANT


Robert G. Harvey, Sr.
LAW OFFICE OF ROBERT G. HARVEY, SR., APLC
600 North Carrollton Avenue
New Orleans, LA 70119

Donald C. Douglas, Jr.
THE DOUGLAS LAW FIRM, LLC
1070 West Causeway Approach
Suite B
Mandeville, LA 70471


      COUNSEL FOR DEFENDANT/APPELLEE


**VACATED IN PART; REVERSED IN PART; REMANDED**

**OCTOBER 12, 2022**

*SCJ*
*EAL*
*RLB*
*JCL*
*RML*

This appeal and the two consolidated writs arise from one of several lawsuits involving Jack Adams and Rick Sutton, in a protracted dispute over their failed business relationship and the control of two business entities, RJANO, Inc. and Maison Royale, LLC.[1] In the suit underlying this appeal, Adams filed suit against Sutton for abuse of process, and Sutton filed a recoventional demand against Adams and a third party demand against Maison Royale.

Adams and Maison Royale now appeal the September 3, 2019 judgment rendered by Orleans Parish Civil District Court Div. L,[2] which ruled as follows:

---

[1] The Adams/Sutton litigation includes six civil suits filed in Orleans Parish Civil District Court, all but two of which were allotted to different divisions of the district court. In 2019, four appeals and four writ applications, arising from four of the underlying civil suits, were lodged in this Court. In January 2020, this Court *sua sponte* consolidated all four appeals and four writ applications. Oral arguments for the consolidated matter were set for April 28, 2020, but continued without date due to the COVID-19 pandemic. Thereafter, the resetting of this consolidated matter was continued and delayed three more times due, respectively, to a stay of the matter, the closure of the Court due to Hurricane Ida, and a continuance requested on account of the health of lead counsel for Sutton. Oral arguments for the consolidated appeals and writs were held before the five-judge panel on May 20, 2022. After submission, upon further consideration, this Court ordered that the appeals be unconsolidated to address the issues presented in each with more precision and clarity.

[2] We note the Division of Orleans Civil District Court to which this case was allotted, because there are overlapping proceedings and conflicting judgments in the Adams/Sutton litigation.

1

(1) denied a motion to stay filed by Adams; (2) denied exceptions of no cause of action, nonjoinder of indispensable parties, res judicata, lis pendens, improper cumulation of claims, and unauthorized use of summary proceeding, filed by Adams; (3) denied exceptions of no right of action, res judicata, lis pendens, improper joinder of parties, and improper cumulation of claims, filed by Maison Royale; and (4) granted Sutton's motion to declare Div. D's October 25, 2017 judgment an absolute nullity ("nullity motion").[3]  Based on our review of the record, in light of the related proceeding and conflicting judgment in another division, we find Div. L abused its discretion in denying the motion to stay the nullity proceedings.  Moreover, we find Div. L erred in denying Adams' exception of nonjoinder of indispensable parties and in proceeding to rule on Sutton's nullity motion.  For reasons that follow, we vacate Div. L's judgment granting Sutton's nullity motion.  In addition, we reverse Div. L's judgment denying Maison Royale's exceptions to Sutton's third party demand, and we dismiss Sutton's third party demand with prejudice.  Finally, we remand this matter for proceedings on Adams' claims against Sutton for abuse of process.[4]

## FACTUAL AND PROCEDURAL BACKGROUND

In June 2011, Adams and Sutton entered into a business relationship for the purpose of leasing property at 501 Royal Street (the "Property") and operating a fine jewelry store and art gallery at that location.  Adams and Sutton did not have a written partnership agreement or business plan, but the parties agreed to form two

---

[3] Adams filed a timely writ, 2019-C-0796, on Div. L's denial of his motion to stay and exceptions to Sutton's nullity motion; Maison Royale filed a timely writ, 2019-C-0851, on Div. L's denial of its exceptions; and Adams filed a timely appeal, 2019-CA-1105, of Div. L's ruling granting Sutton's nullity motion.  These three matters are consolidated for this appeal.

[4] In a related opinion of this Court rendered this same date, *Sutton v. Adams et al.*, 19-0795, 19-0845 (La. App. 4 Cir. 10/12/2022) – So.3d – , this Court upheld the transfer and consolidation of Sutton's nullity motion with Sutton's Annulment suit in Div. D.

2

entities: RJANO, a corporation to lease the Property; and Maison Royale, an LLC created to operate the store. By October 2014, the business relationship between Adams and Sutton had deteriorated; and, since then, Adams and Sutton have been locked in a series of lawsuits stemming from their failed business relationship.

For purposes of understanding the issues presented in this appeal and the consolidated writs, we provide the following background of three of the suits in the Adams/Sutton litigation.[5]

**"RICO" suit (Div. D)**

In November 2016, Sutton filed a petition for damages against Adams; Adams' father, Charles Adams; and Polly Point Imports Corp., asserting causes of action for (1) violations of the Louisiana Racketeering Act ("RICO"); (2) violations of the Louisiana Unfair Trade Practices Act ("LUTPA"); (3) fraud and misrepresentation; (4) breach of fiduciary duty; and (5) detrimental reliance (the "RICO suit").[6] The RICO suit was allotted to Div. D.

In this suit, Sutton alleged that Adams, Adams' father, and Polly Point impermissibly sold jewelry in the Maison Royale store at "fire sale" prices, in violation of RICO and LUTPA statutes, through fraudulent means, and in breach of fiduciary duty to Sutton, as a member of Maison Royale. Sutton alleged individual financial losses for which he sought damages. In response, Adams and the other defendants filed various exceptions.

On October 25, 2017, Div. D rendered judgment granting Adams' exceptions of no cause of action and no right of action as to Sutton's RICO claims,

---

[5] A synopses of all Adams/Sutton suits is provided in the related opinion of *Adams v. Sutton*, 19-0247 (La. App. 4 Cir. 10/12/2022), -- So.3d –, (hereinafter "*Adams I*") rendered on the same date as the instant appeal. The three suits relevant to understanding the issues in this appeal are discussed below as: the RICO suit, the Abuse of Process suit, and the Annulment suit.
[6] *Rick Sutton v. Jack Adams, Charles Adams and Polly Point Imports Corp.*, CDC No. 2016-11427.

3

LUTPA claims, and breach of fiduciary duty claims; granting Adams' exception of no cause of action as to Sutton's claims of fraud and misrepresentation and detrimental reliance; and dismissing all of Sutton's claims against all named defendants with prejudice. On appeal, this Court affirmed the trial court's judgment and its dismissal of Sutton's entire RICO suit. *Sutton v. Adams,* 18-0196 (La. App. 4 Cir. 12/19/18), 318 So.3d 776 (hereinafter "*Sutton I*"). Thereafter, the Louisiana Supreme Court denied writs and Sutton's application for reconsideration. *Sutton v. Adams*, 19-346 (La. 4/22/19), 267 So.3d 1112, *reconsideration denied*, 19-00346 (La. 9/6/19), 278 So.3d 362. The October 25, 2017 judgment rendered in the RICO suit ("the RICO judgment") is a final judgment.

**"Abuse of Process" suit (Div. L)**

On April 25, 2017, Adams filed the instant suit, in which he alleged that Sutton committed abuse of process by: (1) filing the November 18, 2016 RICO suit against Adams, his father, and Polly Point in order to harass Adams and bring his family into the protracted litigation; and (2) filing a notice of lis pendens with respect to the lease of the Property by RJANO, which was never recorded, in order to prevent Adams from subletting the Property.[7] Subsequently, in a second amended and supplemental petition filed in May 2018, Adams asserted that he is the sole shareholder of RJANO.

In response to Adams' claim of sole ownership of RJANO, Sutton filed a writ of quo warranto and mandamus action, demanding Adams show by what authority he claims to represent the interests of RJANO, and to establish the shareholders of RJANO. In addition, Sutton sought an order recognizing his fifty-

---

[7] *Jack Adams v. Rick M. Sutton*, CDC No. 2017-03907.

4

percent ownership of RJANO and forbidding Adams to act unilaterally on behalf of RJANO.

The trial court, Div. L, held a four-day trial on Sutton's mandamus action and Adams' exceptions filed in opposition. On December 7, 2018, Div. L rendered judgment in favor of Sutton, ordering Adams to recognize Sutton's fifty-percent ownership of RJANO and prohibiting Adams from asserting any claim that he may act unilaterally for or on behalf of RJANO without a vote of all shareholders. Adams filed a timely appeal of the December 7, 2018 judgment, which is the subject of this Court's opinion in *Adams v. Sutton*, 2019-0247 (La. App. 4 Cir. 10/12/2022), -- So.3d – ("*Adams I*").[8]

On March 28, 2019, Sutton filed a reconventional demand to the Abuse of Process suit, a petition for declaratory judgment, and a third party demand against Maison Royale. By his reconventional demand and petition for declaratory judgment, Sutton sought judgment finding him to be a fifty-percent partner in RJANO and declaring him a fifty-percent member of Maison Royale. In his third party demand, Sutton asserted that Maison Royale is a necessary party to the proceedings in Div. L. In opposition, Adams and Maison Royale, separately, filed several exceptions seeking to dismiss Sutton's reconventional demand and third party demand, respectively.[9]

---

[8] In *Adams I*, Adams filed an appellate exception of res judicata in addition to his appeal of Div. L's judgment. As explained within that opinion, this Court sustained the exception of res judicata and reversed Div. L's December 7, 2018 judgment. *Adams I*, 2019-0247 (La. App. 4 Cir. 10/12/2022), -- So.3d --.

[9] On May 23, 2019, Adams filed peremptory exceptions of res judicata and no right of action and declinatory exception of lis pendens and dilatory exception of improper joinder of parties/cumulation of claims. On June 7, 2019, Maison Royale filed peremptory exceptions of res judicata and no right of action and alternative declinatory exception of lis pendens and dilatory exception of improper joinder of parties/cumulation of claims.

On June 17, 2019, Div. L held a hearing on the exceptions filed by Jack Adams and took the matter under advisement. On June 20, 2019, Div. L rendered a judgment denying the exceptions filed by Maison Royale, with no mention of the exceptions filed by Adams.

On June 26, 2019, Sutton filed, in a single pleading, a motion for reconsideration and motion to declare [the RICO] judgment an absolute nullity, seeking two distinct actions from Div. L: (1) revision of the June 20 judgment to reflect that the exceptions heard and ruled upon were filed by Adams, not Maison Royale; and (2) a declaration the RICO judgment is an absolute nullity. Sutton argued that the exceptions filed by Adams, and ruled upon at the June 17, 2019 hearing, were based upon the RICO judgment, which is an absolute nullity for failure to join an indispensable party—Maison Royale.

Notably, Sutton had already filed a separate **Petition to Annul ("Annulment" suit)** on March 25, 2019, that was allotted to Div. N.[10] The Annulment suit and the nullity motion both sought the same relief—a declaration that the RICO judgment was an absolute nullity for failure to join an indispensable party.

In opposition to Sutton's nullity motion, Adams moved for Div. L to stay proceeding on it, pending a ruling on a motion to transfer and consolidate the nullity motion with the Annulment suit in Div. D, pursuant to Civil District Court App. 9.3. Adams also filed the following exceptions to Sutton's nullity motion: peremptory exceptions of no cause of action and nonjoinder of indispensable

---

[10] *Rick M. Sutton v. Jack Adams, Charles Adams, Polly Point Imports Corp., and Maison Royale, LLC*, CDC No. 2019-3156. The Annulment suit is the sixth suit filed in the Adams/Sutton litigation, and it is the last of the three suits relevant to the instant appeal.

6

parties; declinatory exception of lis pendens; and dilatory exceptions of improper cumulation of claims and unauthorized use of summary proceeding.

On August 16, 2019, Div. L held a hearing on the motions and exceptions filed by Adams and Maison Royale, and on Sutton's nullity motion. First, Div. L heard arguments on Adams' motion to stay and exceptions to the nullity motion, all of which Div. L denied. Div. L then granted Sutton's nullity motion, thereby declaring Div. D's RICO judgment an absolute nullity. Finally, Div. L summarily denied the exceptions filed by Maison Royale to the third party demand. Div. L subsequently signed the September 3, 2019 judgment reflecting its rulings from the hearing.

Adams now appeals Div. L's rulings on the motion to stay, the exceptions, and Sutton's nullity motion, and Maison Royale seeks review of Div. L's denial of its exceptions on the third party demand.

## DISCUSSION

**Adams' appeal**

Adams raises six assignments of error in his appeal of Div. L's September 3, 2019 judgment.[11] We begin by discussing the denial of Adams' motion to stay any proceeding in Div. L on Sutton's nullity motion, pending a ruling on a motion to

---

[11] Adams raises the following assignments of error:
1. Div. L erred in denying Adams' motion to stay adjudication of Sutton's nullity motion pending the ruling on the motion to transfer in Div. D.
2. Div. L lacked jurisdiction to rule on Sutton's nullity motion after being informed that Div. D had granted the motion to transfer and consolidate Sutton's nullity motion and Annulment suit in Div. D.
3. Div. L erred in failing to apply La. C.C.P. art. 2005 as the standard for determining whether the RICO judgment rendered by Div. D was an absolute nullity, and in granting Sutton's nullity motion.
4. Div. L erred in finding that Maison Royale was an indispensable party to the RICO suit and that Adams failed to join Maison Royale to the RICO suit which Sutton filed.
5. Div. L erred in finding a basis to annul Div. D's RICO judgment.
6. Div. L erred in granting Sutton's nullity motion because Sutton failed to join Charles Adams and Polly Point Imports, Corp., which were named defendants in the RICO suit and indispensable parties in an action to annul the RICO judgment.

transfer and consolidate in Div. D. We then review Adams' exceptions to Sutton's nullity motion, and, finding merit in the exception of nonjoinder of indispensable parties, we reverse Div. L's ruling and vacate Div. L's judgment granting Sutton's nullity motion.

**Motion to Stay**

We review the trial court's denial of a motion to stay under an abuse of discretion standard. *Hester v. Hester*, 98-0854, p. 4 (La. App. 4 Cir. 5/13/98), 715 So.2d 40, 42.

Adams argues that Div. L abused its discretion in denying his motion to stay any proceeding on Sutton's nullity motion, because the motion to transfer and consolidate Sutton's nullity motion being heard before Div. D had merit. In support of his motion to stay, Adams argued to Div. L that the motion to transfer and consolidate was properly filed in Div. D pursuant to the applicable procedural rules and jurisprudence and to avoid any inconsistent results in the different divisions of court. Specifically, Adams asserted that the interdivisional transfer of Sutton's nullity motion to Div. D is governed by the application of La. C.C.P. art. 253.2 and Civil District Court Rule 9.3, App. 9.3 ("CDC App. 9.3").

La. C.C.P. art. 253.2 provides,

> After a case has been assigned to a particular section or division of the court, it may not be transferred from one section or division to another section or division within the same court, unless agreed to by all parties, or unless it is being transferred to effect a consolidation for purpose of trial pursuant to Article 1561. However, the supreme court, by rule, may establish uniform procedures for reassigning cases under circumstances where an expeditious disposition of cases may be effectuated.

As recognized by this Court in *First Bank and Trust v. Simmons*, La. C.C.P. art. 253.2 permits the transfer of a case to another division in three circumstances:

8

1) when the parties consent; 2) when the transfer is for consolidation for trial; and 3) when a Supreme Court rule permits the transfer. 14-1210, p. 15 (La. App. 4 Cir. 4/22/15), 165 So.3d 1025, 1034. The *Simmons* Court found that the Rules for Louisiana District Courts establish the uniform procedures for reassigning cases, as contemplated by La. C.C.P. art. 253.2. In regards to allotment and reassignment, La. Dist. Ct. R. 9.3 provides in pertinent part, "[t]he method of allotment for each district court is set forth in Appendix 9.3", and the applicable local rule, CDC App. 9.3, provides in pertinent part as follows:

> 4. To achieve continuity of case management, and to avoid the appearance of forum shopping, it is the policy of the court that subsequent but related cases should be transferred to the division to which the original case was allotted, whether or not such earlier case is still pending. It shall be the duty of any attorney in such cases to call to the court's attention the existence of such earlier case. The following are examples of cases which ought to be transferred to the original division:
>
> > (1) Subsequent cases between the same or related parties arising from the same incident or transaction …
>
> \* \* \*
>
> (4) Cases growing out of earlier cases, such as suits to enjoin executory process, to annul a judgment, suits claiming damage caused by the earlier proceeding (wrongful eviction, malicious prosecution, abuse of process, etc.).

In *Simmons*, the Court considered the interdivisional transfer of a petition to annul a prior judgment and concluded that CDC App. 9.3 is a Supreme Court rule that provides for the transfer of a suit for nullity of judgment to the division that rendered that judgment. *Simmons*, 14-1210, pp. 21-22, 165 So.3d at 1038-39.

In this case, Sutton first filed an Annulment suit, randomly allotted to Div. N in March 2019, and later, in June 2019, filed his nullity motion in Div. L. We acknowledge that a party may seek to annul a judgment for vice of form by

9

ordinary proceeding or by collateral attack in a summary proceeding. *Leonard v. Reeves*, 11-1009, pp. 14-15 (La. App. 1 Cir. 1/12/12), 82 So.3d 1250, 1260. However, we find the filing of the same action by different procedural means in different divisions of court an inappropriate use of process, at best, and forum-shopping, at worst.[12] Moreover, the record reflects that Sutton's nullity motion fails to alert Div. L of the pending Annulment suit, filed three months earlier, raising the same argument as in the nullity motion.

In consideration that the first filed action to annul was the Annulment suit, and finding that the transfer of the first filed Annulment suit to Div. D is proper pursuant to La. C.C.P. art. 253.2, CDC App. 9.3, and applicable jurisprudence, we find Div. L abused its discretion in denying Adams' motion to stay and in proceeding to rule on the exceptions to and merits of Sutton's nullity motion. However, given Div. L's further rulings, we now turn to consider Div. L's denial of the exceptions to Sutton's nullity motion.

In response to Sutton's nullity motion, Adams filed peremptory exceptions of no cause of action and nonjoinder of indispensable parties, declinatory exception of lis pendens, and dilatory exceptions of improper cumulation of claims and unauthorized use of summary proceeding. After hearing arguments on these exceptions, Div. L denied all exceptions to Sutton's nullity motion. Upon review, we find merit in Adams' argument in support of the peremptory exception of nonjoinder of indispensable parties.

---

[12] We note that Sutton was represented in the RICO suit by counsel from the law firm of Cherhardy Sherman Williams, which filed the Annulment suit on his behalf. Sutton is represented in the Abuse of Process suit, and two other suits in the Adams/Sutton litigation, by the Law Office of Robert G. Harvey, which filed the nullity motion on his behalf.

**Nonjoinder of Indispensable Parties**

A person shall be joined as a party in an action when: (1) absent that person, complete relief cannot be accorded among the present parties to the action; or (2) the party claims an interest relating to the subject matter of the action and, in his absence, (a) adjudication would impair his ability to protect that interest or (b) would leave any of the other parties to the action subject to the risk of incurring inconsistent or multiple obligations. La. C.C.P. art. 641. The failure to join a party needed for just adjudication, in accordance with La. C.C.P. art. 641, may be pleaded in a peremptory exception, or may be noticed by the trial court or appellate court on its own motion. La. C.C.P. art. 645.

"When considering whether a party is needed, the court must conduct 'an analysis of the interests of the joined and nonjoined parties' and determine whether the action can proceed to judgment." *Johnson v. Strange*, 21-12, p. 4 (La. App. 3 Cir. 6/9/21), 323 So.3d 444, 446 (quoting *Lowe's Home Constr., LLC v. Lips*, 10-762, p. 6 (La. App. 5 Cir. 1/25/11), 61 So.3d 12, 16); *see Two Canal Street Investors, Inc. v. New Orleans Building Corp.*, 16-825 (La. App. 4 Cir. 9/23/16), 202 So.3d 1003, 1011-12. A trial court's ruling on an exception of nonjoinder of an indispensable party is reviewed under a *de novo* standard. *Ryan Gootee Gen. Contractors, L.L.C. v. Plaquemines Par. Sch. Bd. & One Const., Inc.*, 15-325, p.11 (La. App. 5 Cir. 11/19/15), 180 So.3d 588, 596.

In his exception of nonjoinder, Adams argued that Charles Adams and Polly Point were indispensable parties to any action to annul the RICO judgment, because both parties were named defendants to the RICO suit and directly benefitted from the RICO judgment, which dismissed Sutton's claims against them. Adams argued that a judgment annulling the RICO judgment is prejudicial

11

to Charles Adams and Polly Point and subjects them to inconsistent rulings.

A review of the record reflects that Sutton's Annulment suit, filed prior to the nullity motion, names Charles Adams and Polly Point as defendants. In addition, the RICO suit asserted several claims against the various defendants, all of whose interests would be affected by the annulment of the RICO judgment that dismissed all of Sutton's claims against them. Notably, one of the claims dismissed by the RICO judgment was a breach of fiduciary duty claim that Sutton asserted against Adams and Polly Point, as alleged members of Maison Royale. In the RICO judgment, Sutton's claim was dismissed on an exception of no right of action, finding he was not a member of Maison Royale. To annul the RICO judgment would affect the interests of any member of Maison Royale, which, according to Sutton's own allegations, includes Polly Point.

Based on our review, we find that Charles Adams and Polly Point are indispensable parties to any action to annul the RICO judgment. Therefore, Div. L erred in denying Adams' exception of nonjoinder. In addition, Div. L erred in proceeding to hear and rule upon Sutton's nullity motion without Charles Adams and Polly Point as parties to the action.

"When a necessary party to the litigation is absent, any judgment rendered is an absolute nullity." *Johnson*, 21-12, p. 6, 323 So.3d at 447; *see Davis v. Davis*, 01-1119, p. 5 (La. App. 5 Cir. 3/13/02), 815 So.2d 128, 131 ("A judgment rendered without an indispensable party is an absolute nullity."). Accordingly, we find Div. L's judgment granting Sutton's nullity motion an absolute nullity.

For the foregoing reasons, we reverse Div. L's judgment denying Adams' exception of nonjoinder of indispensable parties and we vacate Div. L's judgment granting Sutton's nullity motion. And, for reasons discussed in this Court's

12

opinion in *Rick Sutton v. Jack Adams et al.*, 19-0795, 19-0845 (La. App. 4 Cir. ----), -- So.3d --, Sutton's nullity motion is dismissed from Div. L and transferred and consolidated with the Annulment suit in Div. D.[13]

**Maison Royale's Exceptions to Sutton's Third Party Demand**

At the same hearing as the matters on Sutton's nullity motion, held on August 16, 2019, Div. L also summarily denied all exceptions filed by Maison Royale in response to Sutton's third party demand to bring Maison Royale into the Abuse of Process suit.[14] Maison Royale now seeks review of the denial of its peremptory exceptions of no right of action and res judicata, declinatory exception of lis pendens, and dilatory exceptions of improper joinder of parties and improper cumulation of claims. For the following reasons, we find merit in the exception of res judicata, and we pretermit discussion of the other exceptions.

**Exception of Res Judicata**

In reviewing a judgment sustaining an exception of res judicata, the appellate court must determine whether the trial court's decision is legally correct

---

[13] This Court has reviewed all of the proceedings making up for the complex web of Adams/Sutton litigation. We take note of Div. L's oral reasons for ruling on the exceptions and nullity motion at the August 16, 2019 hearing, urging this Court to "get this matter streamlined and consolidated into one action, that hopefully will lead to the resolution of it." However, this Court reviews matters as presented and cannot reconstruct a complex litigation. Our review of the record indicates that consolidation was requested and pursued in the Breach of Contract and Wage Claim suits, but later unconsolidated. The complex procedural history of these overlapping cases makes it difficult to determine why there was never a transfer and consolidation of all matters to the original division, Div. N. The subsequent filing of petitions only served to confuse the courts and delay an expeditious resolution of any of these matters. Notably, it is the duty of any attorney in such cases to call to the trial court's attention the existence of earlier and pending, related cases. *See* CDC App. 9.3. The web of litigation between these parties should have been streamlined by the parties themselves. Once presented to this Court, we address the matters as presented, review under the applicable standard of review, and resolve the legal issues in accordance with applicable law.

[14] Maison Royale filed a timely writ application seeking review of the portion of the September 3, 2019 judgment denying its exceptions. We have consolidated Maison Royale's writ application with Adams' appeal and writ application, as they all arise from the same September 3, 2019 judgment rendered by Div. L.

13

or incorrect. *Schiff v. Pollard*, 16-0801, p. 8 (La. App. 4 Cir. 6/28/17), 222 So.3d 867, 874.

In general, the doctrine of res judicata precludes the re-litigation of claims arising out of the same facts and circumstances between the same parties of a previous suit in which there is a valid, final judgment. *Id.*; *Ins. Co. of North America v. La. Power & Light Co.*, 08-1315, p. 5 (La. App. 4 Cir. 3/4/09), 10 So.3d 264, 267. The requirements that must be met for Louisiana courts to determine that a matter is res judicata are set forth in La. R.S. 13:4231, as follows:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

Under the res judicata statute, a second action is precluded when all of the following five elements are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. *Burguieres v.*

*Pollingue*, 02-1385, p. 8 (La. 2/25/03), 843 So. 2d 1049, 1053. "[T]he chief inquiry is whether the second action asserts a cause of action which arises out of the transaction or occurrence that was the subject matter of the first action." *Id.*; *see also*, La. R.S. 13:4231 Cmt. (a) (1990) ("For purposes of res judicata it would not matter whether the cause of action asserted in the second action was the same as that asserted in the first or different as long as it arose of the transaction or occurrence that was the subject matter of the first action.").

In the exception of res judicata at issue, Maison Royale argues that Sutton's third party demand attempts to relitigate the issue of his membership in Maison Royale, which was conclusively determined by the valid, final RICO judgment; thus, Maison Royale argues that the RICO judgment precludes the third party demand. We agree.

We find the first two elements of res judicata are clearly satisfied. A valid judgment is one rendered by a court with jurisdiction over both the subject matter and the parties after proper notice was given. *Burguieres*, 02-1385, p. 8, 843 So.2d at 1053. A final judgment is one that disposes of the merits in whole or in part. La. C.C.P. art. 1841. The RICO judgment was rendered by Div. D, a court of competent jurisdiction, after proper notice was given to all parties. In addition, that judgment, affirmed by this Court on appeal, is final. *Sutton I*, 18-0196, 318 So.2d 776, *writ denied*, 19-346, 267 So.3d 1112, *reconsideration denied*, 19-00346, 278 So.3d 362.[15]

---

[15] In his opposition to Adams' exception of res judicata, Sutton argued that this Court's opinion in *Sutton I*, affirming the October 25, 2017 judgment, was not final and definitive, pursuant to La. C.C.P. art. 2166, which provides in pertinent part as follows:

> E. When an application for certiorari to the supreme court is timely filed, a judgment of the court of appeal becomes final and definitive after a delay of five days, exclusive of legal holidays, commencing to run on the day after the clerk has mailed the denial by the supreme court of the application for certiorari.

As to the third element of res judicata, we find that both suits involve the same parties in the same capacities. Adams' Abuse of Process suit, in which Sutton filed his third party demand, involves the same parties as in the RICO suit. The fact that there were additional defendants—Charles Adams and Polly Point Imports—in the RICO suit, and that Sutton attempts to name Maison Royale in the Abuse of Process suit, does not negate this element of res judicata. *See Dean v. Delacroix Corp.*, 12-0917, p. 5 (La. App. 4 Cir. 12/26/12), 106 So.3d 283, 287; *Austin v. Markey*, 08-381, p. 5 (La. App. 5 Cir. 11/25/08), 2 So.3d 438, 441 (holding that the exception of res judicata cannot be defeated by the naming of additional defendants).

Finally, we find the fourth and fifth elements of res judicata are satisfied. The cause of action asserted by Sutton in his third party demand existed at the time of the RICO judgment was rendered, and the demand arises from the same transaction or occurrence that was the subject of the RICO suit. The record reflects that Sutton alleged, in the RICO suit, that he was a member of Maison Royale and raised a claim of breach of fiduciary duty by Adams based upon that alleged membership. But, Sutton did not name Maison Royale as a party to his own suit in order to establish his membership, as he does in the third party demand. The cause of action asserted by Sutton in his third party demand, specifically to establish a membership interest in Maison Royale, has existed since Sutton filed his first suit against Adams in 2014. In the RICO judgment, we find that the issue

---

The Louisiana Supreme Court denied writs in *Sutton I* on April 22, 2019. Div. N rendered its judgment on Adams' exceptions on April 26, 2019, and denied Sutton's motion for new trial on August 21, 2019. As of the filing of Sutton's motion for new trial, *Sutton I* was final and definitive pursuant to La. C.C.P. art. 2166(E).

of Sutton's membership in Maison Royale was conclusively determined, finding that he is not a member of Maison Royale.[16]

We find that all five elements of res judicata are satisfied and Sutton's third party demand against Maison Royale is precluded by the RICO judgment. Accordingly, we reverse Div. L's judgment denying the exception of res judicata and we dismiss Sutton's third party demand against Maison Royale with prejudice.

## CONCLUSION

For the foregoing reasons, we reverse Div. L's judgment denying Adams' exception of nonjoinder of indispensable parties and we vacate Div. L's judgment granting Sutton's nullity motion. In addition, we reverse Div. L's judgment denying Maison Royale's exception of res judicata and we dismiss Sutton's third party demand against Maison Royale with prejudice. We remand this matter to Div. L for proceedings on Adams' claims against Sutton for abuse of process. We hereby dismiss Sutton's nullity motion from Div. L.

**VACATED IN PART; REVERSED IN PART; REMANDED**

---

[16] As recognized by this Court in *Sutton I*, Sutton's appeal of the RICO judgment, Div. D determined that "the filings with the Louisiana Secretary of State and with the Internal Revenue Service, were the most clear and objective manner of determining Maison Royale's ownership." This Court confirmed the trial court's finding that "[t]hese documents plainly showed that Mr. Sutton was not a member of Maison Royale" and therefore he had no right of action and no cause of action for breach of fiduciary duty. *Sutton I*, 18-0196, p. 9, 318 So.3d at 783.

17